## CABALLERO ET AL. *v.* POMALES ET AL.

### APPEAL from the District Court of Ponce.

#### No. 610.—Decided June 6, 1911.

NULLITY OF CONTRACT—INSANITY.—In order that a contract may 'be declared null on the ground of the insanity of one of the contracting parties, it is necessary to prove fully that on the day of the contract said party was actually insane, and therefore was unable to realize fully the act that he was performing.

ID.—PROPERTY OF CONJUGAL PARTNERSHIP—EXPRESS CONSENT OF WIFE.—In order that real estate belonging to the conjugal partnership may be sold, the express consent of the wife is necessary; and where such consent is lacking, the contract is void.

RATIFICATION OF CONTRACT—EXPRESS CONSENT OF WIFE.—A husband executed a contract of sale of a rural property belonging to the conjugal partnership, and in the deed set forth that he executed it with the consent of his wife, who was prevented by illness from intervening in the execution thereof. Some days later the said wife appeared before the attesting notary and two witnesses, and stated that the contract was executed with her knowledge and consent and that she had no objection to enter' thereto, which statement was entered in writing. *Held:* That the contract was legally ratified and' that from that moment the action for nullity became extinguished, in accordance with the provisions of section 1276 of the Civil Code in force.·

DISTRICT COURTS—ORIGINAL JURISDICTION—AMOUNT IN CONTROVERSY.—When it is alleged in the complaint that the value of the property in controversy exceeds $500 and the evidence tends to establish such fact, the original jurisdiction of the district court taking cognizance of the case is very evident, even though it appears that some years previously the property had been sold for the sum of $375.

The.facts are stated in the opinion.

*Mr. José Tous Soto* for appellants.

*Mr. Manuel A. Rivera* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action to annul a contract of sale. The plaintiffs substantially alleged as a cause of action that deed No. 233, executed before the notary of Coamo, Felipe Rodríguez, on December 22, 1905, by virtue of which Jacinto Caballero appears to have sold to Jorge Berly a certain rural property containing 44 *cuerdas* of land situated in *barrio* Los Llanos of the municipality of Coamo, was so executed when Caba-

llero was in a state of insanity, which fact was known to the purchases, and moreover, that said property belonged to the conjugal partnership of Caballero and his wife, the other plaintiff; that the latter was not present when the deed was executed, and that, although the notary inserted a note at the foot of the instrument expressing her conformity, she has never given such consent.

The defendants, who are the heirs of Jorge Berly, denied such essential allegations of the complaint as might prejudice them, and after considering the evidence introduced by both sides, which consisted of the deed referred to and of the testimony of witnesses and experts, the district court rendered judgment dismissing the complaint with costs against the plaintiffs.

We have carefully examined the evidence introduced and have reached the conclusion that the district court committed no error in weighing the same. It is true that it has been shown that the plaintiff, Jacinto Caballero, on April 7, 1906, entered the insane asylum as a patient and left the said establishment as cured on June 21, 1906, and that on or about February 12, 1906, he had also been confined as insane in the municipal jail of Coamo. It seems to be true, also, that prior to those dates the said Caballero indulged in exaggerated religious practices and in predictions of the approaching end of the world, all of which practices and predictions revealed his mental disturbance. But there exists no conclusive evidence to show that on the day the deed of sale, which it is now sought to annul, was executed—that is to say, on December 22, 1905—he was unable to realize exactly the act that he was performing. He himself, in testifying under oath in the presence of the trial judge, expressed himself as follows: "I recollect that I went to the notarial office of Mr. Felipe Rodríguez, where I signed a paper; and I also recollect having received from Lorenzo Berly the sum of $375; that one day, while standing by the well on my farm, I made an agreement with Justo Berly for the sale of the property;

and I admit that I owed Antonio Rivera $40, which I paid to him out of the proceeds of the sale of the farm.''

Moreover, not only does there appear in the record a copy of the deed attested by the notary, but the notary and the persons who witnessed the instrument testified at the trial, and their clear and precise testimony reveals the plaintiff, Caballero, as a man in the full enjoyment of his reason and performing the act, fully realizing its import. There also exists the testimony of other witnesses tending to show that Caballero, about the time the deed was executed, did not act like a lunatic, and that he himself conducted the sale, the negotiations for which lasted some time.

Let us now examine the other fundamental question—that is, the lack of the wife's consent. It is alleged in the complaint, and to prove the same, that the testimony of the interested party herself was all that was introduced at the trial.

On the other hand, the deed itself states that it is executed with the consent of the wife and that on account of illness she was not present when it was drawn up, but that she would appear before the attesting notary as soon as possible. The following was then set forth at the foot of the instrument:

''Note.—On this 28th day of December, 1906, before me appeared Julia Rodríguez, a resident of this municipality, married, of domestic occupation, of age, and with whom I am personally acquainted, and upon being informed of the contents of this instrument, stated: That the sale of the land recited in the same was made by her husband, Jacinto Caballero, with her knowledge and consent, and that she has nothing to say in opposition thereto. She does not sign because she does not know how to write, Carlos M. Landrau, who together with Ramón Faria, witnessed the act, signing for her at her own request.

''Attest: Carlos M. Landrau, at the request of the witness Faria, who does not know how. Carlos M. Landrau Rodríguez.''

The notary and the witnesses also testified upon this particular at the trial and in the presence of the plaintiffs,

and the court decided the conflicting evidence to the effect that the wife had given her consent, and it is our belief that its decision was just and proper.

It is very true that the procedure followed to record the wife's consent was not correct inasmuch as the deed should have been fully executed at the same time; but considering the circumstances of this case, the error committed should not be and is not fatal to the same, as it has been shown that, although the sale was at first void because it was effected without the wife's express consent (section 159 of the Revised Civil Code), it subsequently became a valid act through the wife's express consent, which was the only requisite lacking, and, further, because it has been shown that it is the vendors themselves who are now endeavoring to repudiate their own acts in order to derive a positive benefit that would be harmful to the heirs of him with whom they contracted.

"A ratification is equivalent to a mandate; so that when one ratifies that which another has done in his name, it has the same force as if one had commanded him to do it. *Ratihabitio mandato acquiparatur.*" (4 Escriche, Law Dictionary, p. 796.)

The foregoing doctrine may be applied to this case inasmuch as the husband stated that he acted with the consent of the wife, and the latter subsequently corroborated this statement, adding that she had nothing to say in opposition thereto.

But even denying all value to the words of the husband to the effect that in making the sale he acted with his wife's consent, and considering the deed of sale executed to be null for lack of such consent, the result would be that the contract was ratified in a valid manner by the wife when she stated before the notary that it had been executed with her knowledge and consent. From that moment the action for nullity, according to the provisions of section 1276 of the Civil Code, became extinguished, it being unnecessary that

the husband and the wife should jointly execute another deed to ratify or confirm that which was vitiated by the defect of nullity, because such defect having consisted in the lack of the express consent of the wife the deed became valid when such defect was corrected in the manner in which she corrected it.

Something was alleged in the brief of appellants with respect to the jurisdiction of the district court by reason of the value of the subject matter in litigation. It is alleged in the complaint that the value of the real estate exceeds $500, and the evidence tends to prove that the present value of the same really exceeds that sum. This being so, and notwithstanding the fact that the sale in 1905 was made for the sum of $375, the original jurisdiction of the district court to take cognizance of and decide the case, as well as our jurisdiction to take cognizance of and decide the appeal, is clear.

The appeal cannot be sustained and the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.